**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D'ANDRE DAYMAR COX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GAMEZ, et al.,<br><br>　　　　Defendants. | No. 2:20-CV-01893-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff, an inmate at Mule Creek State Prison ("MCSP"), brings a claim for excessive force by a correctional officer. ECF No. 1 at 4. He names J. Gamez and A. Tsyshko, correctional officers at MCSP, as defendants. Id. at 3. Plaintiff's complaint is unclear and disjointed and the events preceding Plaintiff's allegations are unknown. See id. at 4–5. This Court has nevertheless identified that Plaintiff claims that Defendants Gamez and Tsyshko used excessive force against Plaintiff on May 26, 2020. Id.  Specifically, Plaintiff claims that Tsyshko held Plaintiff's head down with his foot as Gamez repeatedly punched Plaintiff above the left eye. Id. at 4. Gamez ostensibly then reported to prison officials that she sustained injuries herself because she had to use force to subdue Plaintiff. Id. Tsyshko allegedly reported that he did not witness Gamez use force against Plaintiff, as he was able to force Plaintiff to the ground without additional force. Id. A Lieutenant J. Quiring, who is not named as a defendant, also allegedly reported that Gamez did not use force against Plaintiff. Id. at 5.

Plaintiff claims that he did not pursue any administrative grievances prior to filing suit because his name has been forged on prior documents and he was scared to file more. Id. at 4. He seeks unspecified compensatory and punitive damages. Id. at 8.

### II. DISCUSSION

The Court finds that Plaintiff's allegations are presently insufficient to state a claim against Defendants Gamez and Tsyshko for excessive force in violation of the Eighth Amendment.  The Court will grant Plaintiff the opportunity to amend his complaint.

///

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally,

1   because the use of force relates to the prison's legitimate penological interest in maintaining
2   security and order, the court must be deferential to the conduct of prison officials.  See Whitley,
3   475 U.S. at 321-22.
4          Plaintiff states that his claim against Gamez and Tsyshko is one of
5   unconstitutionally excessive force, and thus the natural inference from his complaint is that their
6   use of force was unwarranted.  Plaintiff's complaint, however, does not presently contain
7   sufficient factual allegations to pass the screening process, even applying the liberal construction
8   that the Court must give to *pro se* complaints.  Plaintiff contends that Defendants held him down,
9   punched him, and caused injuries including lacerations and pain.  Defendants' use of force and
10  Plaintiff's injuries are, of course, probative in analyzing Eighth Amendment claims.  But
11  Plaintiff's complaint lacks any context.  He does not allege, for example, that Defendants could
12  not have reasonably perceived a threat justifying the use of force or that there was no emergency
13  justifying force.  Plaintiff's complaint simply begins by alleging that Defendants caused him
14  injuries, without ever alleging that Plaintiff posed no threat, thereby negating the possibility of a
15  good-faith effort on Defendants' part to maintain or restore discipline.  In sum, Plaintiff's
16  complaint currently does not contain allegations sufficient to allege that Defendants applied force
17  maliciously and sadistically to cause harm.  Lacking factual allegations, however, may here be
18  corrected through amendment.  The Court will grant Plaintiff that leave.

### III.  CONCLUSION

21         Because it is possible that the deficiencies identified in this order may be cured by
22  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
23  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
24  informed that, as a general rule, an amended complaint supersedes the original complaint.  See
25  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
26  amend, all claims alleged in the original complaint which are not alleged in the amended
27  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
28  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

Dated:  November 3, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE